UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| TONY EDWARD CILLITTO,<br>Reg. No. 06794-196,<br>    Petitioner,<br><br>v.<br><br>WARDEN THOMAS BERGAMI,<br>    Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | EP-19-CV-216-DCG |

## ORDER GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PETITIONER'S PETITION FOR A WRIT OF HABEAS CORPUS

Tony Edward Cillitto, a federal prisoner at the La Tuna Federal Correctional Institution in Anthony, Texas,[1] seeks credit toward his federal sentence imposed in *United States v. Cillitto*, 4:13-cr-1429-JAS (D. Ariz.), through a "Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241." Pet'r's Pet., ECF No. 1. Cillitto claims Warden Thomas Bergami refuses to grant him 647 days' credit for time he spent in confinement before his sentencing. Bergami maintains in a "Motion for Summary Judgment" pursuant to Federal Rule of Civil Procedure 56 that the Bureau of Prisons (BOP) properly calculated Cillitto's sentence in accordance with the applicable federal laws and agency policy. Mot. for Summ. J., ECF No. 11. After reviewing the record and for the reasons discussed below, the court will grant Bergami's motion and deny Cillitto's petition.

### BACKGROUND AND PROCEDURAL HISTORY

Cillitto was arrested on September 7, 2007, for a violation of his supervised release in Case Number 4:99-cr-00627-RCC (D. Ariz.). Resp't's Proposed Undisputed Facts, ECF No.

---

[1] Anthony is located in El Paso County, Texas, which is within the Western District of Texas. 28 U.S.C. § 124(d)(3).

11-1; Pet'r's Resp., ECF No. 14-1. At the time of his arrest, Cillitto was also charged with possession with the intent to distribute cocaine base in Case Number 4:08-cr-1415-RCC (D. Ariz.). Cillitto pleaded guilty to the drug offense and was sentenced to forty-eight months' imprisonment. He was also sentenced to a consecutive twelve-month term of imprisonment for the violation of his supervised release. He escaped on December 4, 2010.

Cillitto was arrested for drug trafficking on July 15, 2013. He pleaded guilty on October 20, 2014, pursuant to a plea agreement, to an information charging him with conspiracy to possess with the intent to distribute methamphetamine and cocaine base in Case Number 4:13-cr-1429-JAS (D. Ariz.). *United States v. Cillitto*, 4:13-cr-1429-JAS (D. Ariz.), Minute Entry, Oct. 20, 2014, ECF No. 49. Under the terms of the plea agreement, "[p]ursuant to Fed. R. Crim. P., Rule (c)(1)(C) and 18 U.S.C. § 3553(a), the government and the defendant agree[d] to a stipulated sentence of 132 months imprisonment to be followed by a term of supervised release of at least five (5) years." *Id.*, Plea Agreement, Oct. 20, 2014, ECF No. 50. Notably, the plea agreement did not mention Case Numbers 4:99-cr-00627-RCC (D. Ariz.) or 4:08-cr-1415-RCC (D. Ariz.) or credit for time served in confinement before his sentencing.

Cillitto objected "to the Pre Sentence [sic] Report ("PSR"), specifically paragraph 14, a two-level enhancement for the possession of a dangerous weapon (a firearm) pursuant to USSG § 2D1.1(b)(1)." *Id.*, Def.'s Obj. to PSR, Mar. 29, 2015, ECF No. 64. The government responded "[i]n light of the plea agreement, any response is irrelevant for sentencing." *Id.*, Gov't's Resp, 04/07/15, ECF No. 65. The sentencing court apparently agreed with the government and, on April 23, 2015, sentenced Cillitto to 132 months' imprisonment "with credit for time served." *Id.*, J. Crim. Case, Apr. 23, 2015, ECF No. 69. The Court remained silent as

to Cillitto serving this sentence concurrently with any other sentences. The judgment did not mention Case Numbers 4:99-cr-00627-RCC (D. Ariz.) or 4:08-cr-1415-RCC (D. Ariz.).

The BOP determined "[t]he time period from July 15, 2013, through September 17, 2014, (430 days) was federal time remaining to be served on [his] aggregated sixty (60) month sentences" in Case Numbers 4:08-cr-1415-RCC (D. Ariz.) and 4:99-cr-627-RCC (D. Ariz.). Pet'r's Pet., Ex. B (Request for Administrative Remedy), ECF No. 1-3. It further determined Petitioner's sentence in Case Number 4:13-cr-1429-JAS (D. Ariz.) "began April 23, 2015, and [he] received presentence jail credit from September 18, 2014, (on the day after [his] first sentence ended) to April 22, 2015, (the date before [his] new sentence was imposed (217 days)." *Id.* It subsequently gave Cillitto credit for an additional 27 days toward his prior sentence, which resulted in a release date for his prior sentence of August 24, 2014. Mot. Summ. J., Ex. 1 (Decl. of Deborah Colston), p. 5, ECF No. 11-3. Hence, the BOP gave Cillitto jail credit from August 25, 2014 to April 22, 2015 (244 days) toward his current sentence in Case Number 4:13-cr-1429-JAS (D. Ariz.).

Cillitto now claims he relied on the presentence investigation report in going forward with his guilty plea in Case Number 4:13-cr-1429-JAS (D. Ariz.):

> .... The pre-sentence report (PSR) reflected the time in custody for the case as 647 days from July 15, 2013, the date of Mr. Cillitto's arrest.
>
> Mr. Cillitto reviewed the PSR prior to sentencing, to include the number of days of presentence incarceration and relied on that information in going forward with the terms of the plea agreement. The government did not object to the 647 days being credited. At sentencing, the Court gave Mr. Cillitto credit for time served to the date of sentencing, which was April 23, 2015. (Sentencing Tr. 4/23/15 p. 7, l. 16) The total number of days intended and expected by the parties in CR 13-1429 was clearly 647 days.
>
> The escape charge was dismissed and it appeared no issues regarding CR

08-1415 remained. However, the BOP has credited the time from 7/15/13-9/17/14 exclusively to the sentence in CR 08-1415. The BOP references the Sentence Computation Manual, dated July 19,1999, to support this action. Specifically, BOP maintains that Program Statement 5880.28 prevents jail credit for a period of time which has already been awarded to a prior sentence.

*Id.*, at 4B5. Cillitto maintains "[t]he term of imprisonment in CR 13-429 [sic] was to run concurrent to any discharged [sic] term of imprisonment." *Id.* at 5. Cillitto asks the Court to "[i]ssue a writ of habeas corpus ordering Bergami to apply 647 days credit to the sentence calculation in CR 13-1429 and adjust good time credits accordingly." *Id.* at 6.

Bergami maintains the BOP calculated Cillitto's sentence in accordance with federal laws and agency policy. Mot. Summ. J. 7, ECF No. 11. Moreover, he claims it granted Cillitto all applicable prior custody credit available under the law. *Id.* at 9.

### APPLICABLE LAW

A petitioner may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian pursuant to 28 U.S.C. § 2241. *Reyes-Requena v. United States*, 243 F.3d 893, 900–01 (5th Cir. 2001); *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000); *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992). However, "[h]abeas corpus relief is extraordinary and 'is reserved for transgressions of constitutional rights and for a narrow range of injuries that . . . , if condoned, result in a complete miscarriage of justice.'" *Kinder v. Purdy*, 222 F.3d 209, 213 (5th Cir. 2000) (quoting *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992)). To prevail, a habeas corpus petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c).

Federal Rule of Civil Procedure 56 permits summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant may discharge this burden by pointing out the absence of evidence to support one or more essential elements of the non-moving party's claim "since a complete failure of proof concerning an essential element of the nonmoving party=s case necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323B25 (1986). If the moving party meets this burden, the non-movant must show that specific facts exist over which there is a genuine issue for trial. *Little*, 37 F.3d at 1075.

## ANALYSIS

There are no genuine disputes as to material facts. There are disputes as to the application of the law to the facts. That is, there are disputes as to whether the BOP properly calculated Cillitto's sentence in accordance with federal laws and agency policy.

A federal sentence, according to 18 U.S.C. § 3585(a), does not commence until the BOP receives a defendant into its custody to serve a sentence:

> **(a) Commencement of sentence.** -- A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

18 U.S.C. § 3585(a). The BOP may grant credit, under 18 U.S.C. § 3585(b), against a federal sentence for time spent in pretrial custody if the time is not credited against another sentence:

> **(b) Credit for prior custody.** -- A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
>
> > (1) as a result of the offense for which the sentence was imposed; or

> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence.*

*Id.* § 3585(b) (emphasis added).

In *United States v. Wilson*, 503 U.S. 329, 333 (1992), the Supreme Court observed that the language of § 3585 indicated that "computation of the credit must occur after the defendant begins his [federal] sentence. A district court, therefore, cannot apply § 3585(b) at sentencing." *Id.* at 333. Instead, after the defendant has been sentenced "the Attorney General, through the BOP, has the responsibility for administering the sentence." *Id.* at 335. Furthermore, when Congress enacted § 3585(b), it "made clear that a defendant could not receive a double credit for his detention time." *Id.* at 337. Even "[t]ime spent by a prisoner in federal custody for the purpose of appearing in federal court via a writ of habeas corpus ad prosequendum is not counted towards the federal sentence if that time was credited toward [a] state sentence." *Lopez v. Jeter*, 170 F. App'x 894, 895 (5th Cir. 2006) (citing *United States v. Brown*, 753 F.2d 455, 456 (5th Cir. 1985)).

As the Court noted above, the BOP initially credited the 430 days from the date of Cillitto's arrest on July 15, 2013, through September 17, 2014 toward his aggregated sixty-month sentences in Case Numbers 4:08-cr-1415-RCC (D. Ariz.) and 4:99-cr-627-RCC (D. Ariz.). Pet'r's Pet., Ex. B (Request for Administrative Remedy), ECF No. 1-3. The BOP then determined Cillitto's sentence in Case Number 4:13-cr-1429-JAS (D. Ariz.) began on the date of his sentencing on April 23, 2015, but it gave him presentence jail credit from the day after his prior sentence ended on September 17, 2014 until the day before his current holding sentence

was imposed on April 23, 2015—or 217 days. *Id.* The BOP subsequently gave Cillitto credit for an additional 27 days toward his prior sentence, which resulted in a release date for his prior sentence of August 24, 2014. Mot. Summ. J., Ex. 1 (Decl. of Deborah Colston), p. 5, ECF No. 11-3. Hence, the BOP gave Cillitto presentence jail credit from August 25, 2014 to April 22, 2015—or 244 days—toward his current holding sentence in Case Number 4:13-cr-1429-JAS (D. Ariz.).

Cillitto claims he "reviewed the PSR prior to sentencing, to include the number of days of presentence incarceration and relied on that information in going forward with the terms of the plea agreement." Pet'r's Pet. 4, ECF No. 1. Cillitto argues "the sentencing court granted 'credit for time served to date' with [the] intention and purpose that petitioner [would] receive 647 days credit in this case." Pet'r's Resp. to Mot. for Summ. J. 3, ECF No. 14.

The plea agreement does not mention Case Numbers 4:08-cr-1415-RCC (D. Ariz.) and 4:99-cr-627-RCC (D. Ariz.)—or presentence jail credit. *United States v. Cillitto*, 4:13-cr-1429-JAS (D. Ariz.), Plea Agreement, Oct. 20, 2014, ECF No. 50. The plea transcript does not include a discussion of Case Numbers 4:08-cr-1415-RCC (D. Ariz.) and 4:99-cr-627-RCC (D. Ariz.)—or presentence jail credit. *Id.*, Plea Tr., Dec. 28, 2018, ECF No. 108. In fact, there is nothing in the record which supports Cillitto's claim that the sentencing court wanted him to receive 647 days of credit in this case. And, because it was not credited against a prior sentence, Cillitto received presentence jail credit from August 25, 2014 to April 22, 2015—or 244 days—toward his current sentence in Case Number 4:13-cr-1429-JAS (D. Ariz.).

Congress made it clear when it enacted 18 U.S.C. § 3585(b) "that a defendant could not receive a double credit for his detention time." *Wilson*, 503 U.S. at 337. In compliance with

this congressional mandate, the BOP—the agency responsible for administering the sentence—did not credit time Cillitto with time served for the sentences imposed in Case Numbers 4:08-cr-1415-RCC (D. Ariz.) and 4:99-cr-627-RCC (D. Ariz.) against the sentence imposed in Case Number 4:13-cr-1429-JAS (D. Ariz.).

## CONCLUSION AND ORDERS

The Court concludes the BOP properly calculated Cillitto's sentence in accordance with 18 U.S.C. § 3585. Hence, Cillitto has not met his burden of showing that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). Consequently, Cillitto is not entitled to relief under 28 U.S.C. § 2241. Accordingly, the Court enters the following orders.

**IT IS ORDERED** that Respondent Warden Thomas Bergami's "Motion for Summary Judgement" (ECF No. 11) is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner Tony Edward Cillitto's "Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241" (ECF No. 1) is **DENIED** and his cause is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that all pending motions, if any, are **DENIED**.

**IT IS FINALLY ORDERED** that the District Clerk shall **CLOSE** this case.

SIGNED this 7th day of **November 2019**.

**DAVID C. GUADERRAMA**
**UNITED STATES DISTRICT JUDGE**